# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:10cr47

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| JOE L. LANNING. ) | |
| ) | |

**THIS MATTER** is before the Court on the Appellant's Unopposed Motion for Bail Pending Appeal [Doc. 4]. The Government does not oppose the motion.

## PROCEDURAL BACKGROUND

The Appellant was arrested on November 12, 2009 and charged with disorderly conduct. [Id., at 2]. Magistrate Judge Dennis L. Howell conducted his initial appearance at which time he was released on unsecured bond in the amount of $2,500.00. [Id.]. On July 27, 2010, the Magistrate Judge found the Appellant guilty of disorderly conduct in violation of 36 C.F.R. §2.34(a)(2) and sentenced him to serve fifteen days in custody followed by two years probation and to pay a $1,000.00 fine. [Id., at 7]. The Appellant filed timely

notice of appeal on August 2, 2010. [Doc. 2].

## STANDARD OF REVIEW

The release of a defendant after conviction but during the pendancy of an appeal is controlled by 18 U.S.C. §3143(b) which provides in pertinent part:

> [T]he judicial officer *shall* order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal ... be detained, unless the judicial officer finds-
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ...; *and*
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in-
>
> (i) reversal,
> (ii) an order for a new trial, [or]
> (iii) a sentence that does not include a term of imprisonment[.]

18 U.S.C. §3143(b) (emphasis provided).

## DISCUSSION

The Appellant has shown, and the Government does not dispute, that he has remained free on bond during this matter without demonstrating any risk of flight or danger to the community. The Appellant, who is a native of North Carolina, is sixty-two years old and has never before been involved with the criminal justice system. [Doc. 4, at 3]. He was married for thirty-eight

2

years until his wife died and maintained the same employment for forty-one years before retiring. [Id.]. His two daughters and three grandchildren are North Carolina residents. [Id.]. The Court finds the first prong has been met: the Appellant is not likely to flee or pose a danger to the safety of any other person or the community if released

As to the second prong of the statute, it does not appear that the appeal has been taken for the purposes of delay. The Appellant has ordered transcripts from his trial before the Magistrate Judge, indicating the seriousness of the pursuit of his appeal. [Id., at 4].

As for substantial questions of law and/or fact, the Appellant states he will contest the statute pursuant to which he was convicted on the grounds of unconstitutional vagueness. [Id., at 5-6]. He will also challenge the definition of "obscene" in the statute. [Id.]. The Appellant will argue on appeal that there was insufficient evidence to warrant a finding of guilt because the area in which the offense occurred is not public. [Id.]. In addition, he states that he intends to advocate on appeal that his sentence was excessive by comparison to other cases of prosecution under the same statute involving conduct which was "unquestionably far more egregious." [Id., at 7].

A substantial question, for purposes of release pending appeal, is "a 'close' question or one that very well could be decided the other way." United

States v. Steinhorn, 927 F.2d 195, 196 (4th Cir. 1991); *accord*, United States v. Beckley, 136 Fed.Appx. 555 (4th Cir. 2005); United States v. Hamrick, 720 F.Supp. 66, 68 (W.D.N.C. 1989). Based on the forecast presented and the Government's concession to continued release, the Court is unable to dispute that a "close question" has been raised. In fact, the Magistrate Judge advised after sentencing that he would be inclined to grant the motion. [Doc. 4, at 2].

## ORDER

**IT IS, THEREFORE, ORDERED** that the Appellant's Unopposed Motion for Bail Pending Appeal [Doc. 4] is hereby **GRANTED** and the Appellant shall remain on release pending appeal under the same terms and conditions of bond as granted by the Magistrate Judge.

**IT IS FURTHER ORDERED** that the Appellant's brief on appeal shall be filed on or before forty-five (45) days from entry of this Order and the Appellee's brief in response shall be filed on or before forty-five (45) days thereafter.

Signed: August 3, 2010

Martin Reidinger
United States District Judge